## LAWRENCE COKER v. THE STATE.

### No. 440. Decided May 4, 1910.

**1.—Murder—Charge of Court—Self-Defense.**

On trial of murder, a charge of the court on self-defense which instructed the jury that the doctrine of self-defense is a defensive and not an offensive right, and is limited to prevention and necessity, was improper.

**2.—Same—Abandonment of Difficulties—Charge of Court.**

Where, upon trial of murder, the evidence showed that the difficulty between the parties did not last over two minutes; that the deceased commenced the same and defendant was backing away, and that at the time the lick was struck they were facing each other, the court should not have charged on abandonment of the difficulty by the deceased, and there was reversible error; besides the court should not have used the expression that if it reasonably appeared to the defendant that the deceased had abandoned the difficulty. The question is, did the deceased in fact do so. Ramsey, Judge, dissenting.

**3.—Same—Charge of Court—Deadly Weapon—Presumption.**

Where, upon trial of murder, the court had charged the presumption in favor of the State arising from the means used by defendant, he should have submitted a charge under article 717, Penal Code, applying the presumption in favor of the defendant, the evidence showing that the instrument used by the defendant was not calculated to produce death.

Appeal from the District Court of Denton. Tried below before the Honorable Clem B. Potter.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Owsley & Sullivan,* for appellant.—On question of the court's charge on abandonment of difficulty: McCandless v. State, 57 S. W. Rep., 672; McMahon v. State, 46 Texas Crim. Rep., 540; 81 S. W. Rep., 296; Huddleston v. State, 54 Texas Crim. Rep., 93; 112 S. W. Rep., 64; Voight v. State, 53 Texas Crim. Rep., 268; 109 S. W. Rep., 205; St. Clair v. State, 49 Texas Crim. Rep., 479; 92 S. W. Rep., 1095; Renow v. State, 49 Texas Crim. Rep., 281; 92 S. W. Rep., 801.

On question of the court's charge on self-defense and manslaughter: Fuller v. State, 54 Texas Crim. Rep., 454; 113 S. W. Rep., 540.

On question of the court's charge on means used: Shaw v. State, 34 Texas Crim. Rep., 435; 31 S. W. Rep., 361; Danforth v. State, 44 Texas Crim. Rep., 105; 69 S. W. Rep., 159

*John A. Mobley,* Assistant Attorney-General, and *H. R. Wilson,* Assistant County Attorney, for the State.—On question of abandonment: McMahon v. State, 46 Texas Crim. Rep., 540; 81 S. W. Rep., 296; Waldon v. State, 34 Texas Crim. Rep., 92; Sargent v. State, 35 Texas Crim. Rep., 325.

McCORD, Judge.—Appellant was convicted of manslaughter, and his punishment assessed at two years confinement in the penitentiary.

It seems that on the night of the 15th day of March, 1909, in Denton County, at a school house in the country, several boys had met there expecting preaching on that night. In company with these boys were appellant, Lawrence Coker, and deceased, Walter Luttrell. After the boys had been there some time, some one acquainted them with the fact that there would be no preaching, and while appellant was sitting down talking to Homer Christy, one of the witnesses inside of the church, or school house, the deceased, Walter Luttrell, without saying anything, made an assault upon defendant. He and the appellant then got into a fight, some of the witnesses saying, the appellant backing and deceased following him, striking him. When they backed out of the door of the house and got out in front of the building, they continued to fight until they got to a well; they milled around this well two or three times. Appellant reached and seized a stick and struck deceased two or three blows, knocking deceased down. He was picked up and carried into the house, and then carried home. He lived until the following Thursday and died. The testimony of the physician was that when he first reached him, deceased, he seemed to be recovering from the shock, and talked to him some, and that he went back and paid him another visit a couple of days thereafter, and he seemed to be in a comatose state, and this continued to increase until his death, and that his death was caused by a depression of the skull upon the brain. This is practically all the testimony in regard to the death of deceased. The stick was described by all the witnesses as a willow stick about two and one-half feet long, one inch at the little end and one and a half inches at the big end, and weighed about a pound and a half. The parties were about ten or twelve feet from the door and close to the well when the last lick was struck. Several of the witnesses testified that at the time defendant reached and got the stick deceased was coming upon him. One or two of the witnesses testified that while they were fighting, defendant ran off some six or seven feet and picked up a stick, and ran back and struck deceased; that at the time the lick was struck deceased at that moment was doing nothing. The fight did not last over a minute or two from the time the lick was struck in the church until the last lick was struck.

1. On the trial of the case the court charged the jury as follows: "The doctrine of self-defense is a defensive and not an offensive right, and is limited to prevention and necessity; and if you find that the said Luttrell began the difficulty, but that afterwards he abandoned same, and that it reasonably appeared to the defendant that he had abandoned the same and that thereafter the defendant returned to the conflict armed with a stick, for the purpose of renewing same, and if you find that the defendant renewed the difficulty and struck the said Lutt-

rell and killed him, then he can not justify under any of the doctrines of self-defense herein set out." Complaint is made of this charge by appellant in motion for new trial, first, because the court should not have used the language "The doctrine of self-defense is a defensive and not an offensive right, and is limited to prevention and necessity;" second, that the charge is unauthorized, because there is no testimony showing an abandonment of the difficulty by deceased, and, third, it is erroneous because it told the jury if it reasonably appeared to the defendant that he had abandoned the same, and that if abandonment of the difficulty was in the case, the charge was erroneous in telling the jury that it must reasonably appear to the defendant that he had abandoned it. We are of opinion that abandonment of the difficulty was not in the case. As before stated, the difficulty did not last over two minutes from the time it commenced in the house, and the proof all shows that deceased commenced the difficulty in the house, and the defendant was backing out of the house, and when they got out to the well, that they went around the well two or three times. At the time the lick was struck they were facing each other. We are of opinion that it was prejudicial to appellant to have submitted the issue of abandonment of the difficulty. Counsel for appellant have not cited us to any authority sustaining the contention that the language of the court in stating "The doctrine of self-defense is a defensive and not an offensive right, and is limited to prevention and necessity," and we do not feel called upon to decide that such language on the part of the court was error. However, we would suggest that in some cases this expression of the court might be regarded as a charge upon the weight of testimony, and an intimation on the part of the court that self-defense is a right created by law, and that it is a "doctrine fixed by the law." The law places no restriction upon the right of self-defense other than to say if deceased was making an assault upon a party that threatened death or serious bodily injury, that the defendant would have the right to slay in defense of his life, and if it so appeared to him he would have the right to slay, and that he can stand his ground and is not called upon to retreat. It would be the better practice to avoid giving a qualifying statement in the beginning of the charge on self-defense. We think the court was further in error in using the expression that if it reasonably appeared to the defendant that deceased had abandoned the difficulty. The court should have told the jury that if deceased had in fact abandoned the difficulty, and the defendant knew he had so abandoned the difficulty, and then renewed the atack, he could not plead self-defense.

2. In the trial of the case the court gave the following charge: "Where the life of one person is taken by another, and the instrument used is a deadly weapon, the law implies an intention to kill; and a deadly weapon is one, which, in the manner used, is likely to produce

death or serious bodily injury." Complaint is made of this charge on the ground that there was no proof that the stick used in the case was a deadly weapon, and that said charge was prejudicial to defendant, and that the facts of this case did not call for such a charge; and that, in connection therewith, the substance of article 717 of the Penal Code, should have been given. Article 717 of the Penal Code reads as follows: "The instrument or means by which a homicide is committed are to be taken into consideration in judging of the intent of the party offending; if the instrument be one not likely to produce death, it is not to be presumed that death was designed, unless from the manner in which it was used such intention evidently appears." This court, in the case of Washington v. State, 53 Texas Crim. Rep., 480, held that where the court had charged the presumption in favor of the State arising from the use of means reasonably calculated to effect the death of a party, that the court should charge article 717, *supra,* and the omission to so charge the jury would be reversible error. In this case there is no proof that the stick used was a deadly weapon. It was a willow stick two and one-half or three feet long, weighed a pound and a half, one inch in diameter at the small end, and one and one-half inches in diameter at the large end. This was the only evidence in the case in regard to this stick. There was no testimony that such stick was calculated to produce death or that same was a deadly weapon. It has been held in this State in a number of cases that presumptions of law which are against the defendant should not ordinarily be given in charge to the jury, and when so given the court should always follow said charge and give in connection therewith article 717, *supra.* See Bell v. State, 17 Texas Crim. App., 538; Whitaker v. State, 12 Texas Crim. App., 436.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

RAMSEY, JUDGE.—I concur in the result. I think the court should have given article 717, Penal Code, in charge. I think the evidence raises the issue of abandonment of the difficulty by deceased. The facts are in some obscurity and it is difficult to form from the record a definite and precise idea of the movements of the respective parties. However, the testimony of the witness Sims and probably others does in my opinion raise the issue of abandonment, although it must be confessed that the evidence on this issue is not strong. I think the charge on abandonment is subject to the objections pointed out in the opinion.