## Jim Williams v. The State.

No. 5802. Decided April 28, 1920.

**1.—Murder—Words Uttered—Charge of Court—Apparent Danger—Threats.**

Where, upon trial of murder there was evidence that the deceased called to defendant to hold up, reaching his hand behind him, when defendant fired, the court should have instructed the jury with reference to the words uttered by deceased at the time that he spoke to defendant and told him to hold up, in his charge on self-defense, apparent danger, and threats. Following Lundy v. State, 59 Texas Crim. Rep., 136.

**2.—Same—Charge of Court—Defendant's Right to Arm Himself—Threats.**

Where, upon trial of murder, the evidence raised the issue that the defendant had the right to arm himself in anticipation of an attack from the deceased, and deceased having threatened to kill defendant when opportunity offered, which threat was communicated to the defendant, the court should have submitted this phase of the case. Following Simmons v. State, 55 Texas Crim. Rep., 449, and other cases.

**3.—Same—Apparent Danger—Standpoint of Defendant—Charge of Court.**

Upon trial of murder, under the facts of the instant case, raising the issue of apparent danger, the court should have submitted affirmatively a charge on self-defense from the standpoint of the defendant and not from the standpoint of the jury. Following Nix v. State, 45 Texas Crim. Rep., 504, and other cases.

Appeal from the District Court of Wharton. Tried below before the Honorable M. S. Munson.

Appeal from the conviction of murder; penalty: five years imprisonment in the penitentiary.

The opinion states the case.

*W. L. Hall*, for appellant.—On question of court's charge on self defense: Swain v. State, 86 S. W. Rep., 338.

*Alvin M. Owsley*, Assistant Attorney General, for the State.—On question of court's charge on self defense: Newman v. State, 70 S. W. Rep., 951; Pratt v. State, 59 Texas Crim. Rep., 641.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder, his punishment being assessed at five years in the penitentiary.

The court submitted the issues of murder and self-defense viewed from the standpoint .of apparent danger and threats. A charge on manslaughter was not given and no exception was reserved for failure to so charge. The court gave the following charge on self-defense:

"If you believe from the evidence that the defendant, Jim Williams, did, with a pistol, shoot and thereby kill the said Fulton Parsons, and you further believe from the evidence that at the time of such shooting the said Fulton Parsons did make a demonstration that induced the defendant to believe, viewed by you from the defendant's standpoint at the time, that he, the said Fulton Parson, was about to attack him and inflict death or serious bodily injury upon him, then you are charged that the defendant had the right to shoot the said Fulton Parsons, and continue to shoot as long as there was danger or apparent danger, and he would not be required to retreat," etc.

With reference to threats this charge was given: "If you believe from the evidence that Jim Williams, the defendant, shot and killed the said Fulton Parsons, and that prior to such killing the said Fulton Parsons had threatened the life of the defendant, such threats themselves would afford no justification for the killing, unless you believe from the evidence that the said Fulton Parsons at the time of the killing had done, or was in the act of doing some act or making some demonstration manifesting an intention then and there to execute or carry out such threats, or which was reasonably calculated to in view of all the evidence and circumstances in the case, considered from the defendant's standpoint to produce, and did produce in the mind of the defendant the belief that said Fulton Parsons was about to execute such threats, an in that event defendant would have the right to act upon such reasonable appearance of danger, notwithstanding such danger might not in fact have been real," etc.

Appellant reserved three grounds of exception which are presented by bills of exception to the charge as given with reference to self-defense and threats, and the failure of the court to instruct that defendant had the right to arm himself in anticipation of danger from the deceased. He also asked a special charge with reference to apparent danger to the effect that the court should give in charge not only any act of demonstration of deceased at the time of the shooting, but should also consider his words in connection with his acts. This special charge was refused. This was error. The statute, Branch's Ann. P. C., Art. 1105, provides, under the law of self-defense, that it must reasonably appear by the acts or by words coupled with the acts of the person killed that it was the purpose and intent of such person to commit one of the offenses above named. The offenses are set out in the preceding part of Article 1105.

The evidence for the State shows that appellant and deceased had not been on good terms; that they left the town of El Campo in con-

nection with three or four other parties going to their respective homes some miles distant; that all witnesses were in a hack except Jim Brown, who was driving a wagon following the hack. After leaving the town there came a quarrel between defendant and deceased, and some one of the party remarked that they should quit that and one of them get out of the hack and go back to the wagon. Appellant accepted the situation and said he would go back and ride in the wagon, and did so. After going some miles there was a separation of the parties, the driver of the wagon going one direction and the hack another. Appellant then left the wagon and got in the hack, which was going his direction and to his home. Another quarrel ensued directly. When appellant reached the home of the driver of the hack he asked him to let him out, that he wanted to get his horse, saddle and gun which he had left at that place. He failed to get the horse and saddle, but did get his gun, which was shown to have been a pistol, which was in his saddle-pocket on his saddle. He returned and got in the hack and as they were driving on he discovered the fact his family were not at home, and remarked that he would go on with them to the church or wedding. Finally he got out of the hack, and as he did so the State's evidence is to the effect that he turned and shot the deceased who was sitting on a seat in the rear of the front seat. This shot proved fatal and was the only one fired. The appellant's testimony is mainly in harmony with the incidents that occurred from the time of leaving El Campo until the homicide, as to getting out of the hack, and going to the wagon and riding with Jim Brown, and subsequently going to a house to get his saddle, horse and gun. He also agrees with the State's evidence to the point designated where he got out of the hack, and it was from this point it seems he was going to his house. From this point the testimony is divergent. Appellant says as he got out of the hack and started away deceased halloed at him "hold up;" that he turned and looked and deceased was getting up with his hand behind him, and he jerked his pistol and fired. The record is replete with evidence of communicated threats made by deceased against appellant. The details of these quarrels and incidents and communicated threats are unnecessary to be repeated.

The court failed, as before stated, to instruct the jury, and refused to give appellant's special requested instruction, with reference to the words uttered by deceased at the time that he spoke to defendant and told him to hold up. The charge submits apparent danger at this point as well as threats from the standpoint of the acts of deceased without any reference to his words. The court was in error in not giving this phase of the law and in refusing these special requested instructions. The statute so provides, and in the opinions of this court in connection with that reversals have occurred when the charge was not given. Branch's Ann. P. C., p. 1062, Art. 1105; Lundy v. State, 59 Texas Crim. Rep., 136. This was error on the part of the

court from both view points, in not charging the jury with reference to this matter and refusing to give special instructions.

Appellant requested a charge also instructing the jury that appellant had the right to arm himself in anticipation of an attack from the deceased. The evidence shows that deceased had threatened to kill appellant when the opportunity was afforded. These threats were communicated. On the night of the homicide appellant's theory was that the quarrel had been instigated by deceased, and these had occurred two or three times during the night both before he left the hack and after he renewed his position in the hack, and after he had gone to the house and got his pistol. It seems from the evidence that appellant was on his own premises at the time he got the pistol, or at least on premises under his charge that belonged to Mr. Webb. We are of opinion this charge ought to have been given. Simmons v. State, 55 Texas Crim. Rep., 449; Castro v. State, 66 Texas Crim. Rep., 282, 146 S. W. Rep., 553; Lee v. State, 67 Texas Crim. Rep., 137, 148 S. W. Rep., 706; Kirklin v. State, 73 Texas Crim. Rep., 25, 164 S. W. Rep., 1016; Branch's Ann. P. C., p. 1079

The court's charge on apparent danger is attacked because it submits the issue only from the standpoint of the jury and not the standpoint of the defendant. We are of opinion that there is some merit in this under the cases cited, and that upon another trial the court should submit more specifically and directly and affirmatively that the jury must view self-defense from the standpoint of the defendant both as to apparent danger and from demonstration viewed in the light of threats. That is subject perhaps to the criticism that the court was submitting the issue from the standpoint of the jury as they believed defendant so viewed it. That is not the theory of self-defense on apparent danger. The apparent danger must be looked at from the standpoint of defendant as it presented itself to his mind at the time. Self-defense as viewed from both standpoints should be affirmatively presented to the jury and not in a negative or indefinite and inchoate way. See Branch's Crim. Law., Sec. 442; Nix v. State, 45 Texas Crim. Rep., 504; Mitchell v. State, 50 Texas Crim. Rep., 181; Keith v. State, 50 Texas Crim. Rep., 67; Quinn v. State. 50 Texas Crim. Rep., 209; Bordon v. State, 42 Texas Crim. Rep., 648.

Other special charges were asked by appellant but refused by the court presenting these matters in different forms and from different view points but all converging upon the same proposition. These matters are not further discussed.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*