LEON BRIGGS v. THE STATE.

No. 7632. Decided June 29, 1923.

Rehearing denied November 14, 1923.

1.—Manslaughter—Charge of Court—Self-defense—Standpoint of Defendant.

The statement of the trial court in his charge to the jury that there could be no killing in self-defense unless there was a necessity to kill, could be interpreted by the jury so as to deprive defendant of that which has been accorded to him by the uniform holdings of this court, that is, that if there appeared to him, from his standpoint, a reasonable necessity for taking life, he should be held justifiable, and the same was, therefore, reversible error.

2.—Same—Charge of Court—Self-defense—Standpoint of Defendant.

Where the only place in the charge of the court where there is reference to the duty of the jury to consider the matter from the standpoint of the accused appears in an abstract statement instead of a concrete application of the law to the facts in this particular case, the same is reversible error.

3.—Same—Change of Court—Self-defense—Word or Words.

Where the charge of the court only allowed the jury to determine that defendant was in danger at the hands of the deceased from the acts and conduct of the deceased in making an attack and did not authorize the jury to consider also in this connection the word or words, if any, used by the deceased accompanying some act, the same is reversible error. Following Dugan v. State, 216 S. W. Rep., 163.

4.—Same—Requested Charges.

The refusal by the court of the requested charges by defendant, under the facts of the instant case, is not reversible error.

5.—Same—Requested Charge—Force.

The court did not err in refusing the requested charge in reference to the use of more force than was reasonably necessary on the part of the officers in effecting appellant's arrest for the possession of intoxicating liquor, under the facts of the instant case.

6.—Same—Self-defense—Charge of Court—Converse of Proposition.

In stating that if the jury found that from appellant's standpoint that at the time it did not reasonably appear to him that he was in danger of losing his life or suffering serious bodily injury at the hands of the deceased, they would find against his plea of self-defense, there is no reversible error.

7.—Wife of Deceased—Witness.

The fact that the wife of the deceased was permitted to be introduced as a witness for the State, and to be accompanied into the courtroom by her child, is not reversible error.

8.—Same—Argument of Counsel—Practice on Appeal.

The argument of State's counsel will probably not occur upon another trial and will, therefore, not be discussed.

9.—Same—Rehearing—Self-defense—Words and Phrases—Former Decisions.

The words, "All self-defense rests upon necessity; where there is no necessity to kill, it cannot be self-defense," obviously do not state all of the law of self-defense, and may mislead the jury where the facts raise the issue of apparent danger; and the decision in the Williford case is so qualified. An accurate and more comprehensive statement of the law is found in the Weaver case. Following Weaver v. State, 19 Texas Crim. App., 567.

10.—Same—Self-defense—Definition.

Where the facts appeared to the jury on the instant trial that there may have been no necessity for the appellant to have taken the life of the deceased, and yet viewed by appellant at the time the danger may have been imminent, the statement in the charge of the court that where there is no necessity to kill it cannot be self-defense was misleading and reversible error.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The appellant states the case.

*John M. Mathis, Sr., H. E. Kahn, A. E. Heidingsfelder, J. V. Meek* and *C. E. Heidingsfelder,* for appellant. On question of charge on self-defense as to words of deceased, Lundy v. State, 127 S. W. Rep., 1035; Sanches v. State, 145 id., 124; Andrus v. State, 165 id., 190; Dugan v. State, 216 id., 163.

Antecedent facts, self-defense, Dell v. State, 20 Texas Crim. App., 450; Swain v. State, 48 Texas Crim. Rep., 98; Johnson v. State, 63 id., 50; Singleton v. State, 216 S. W. Rep., 1094.

On question of unreasonable force in arresting deceased, Christian v. State, 71 Texas Crim. Rep., 576; Show v. State, 237 S. W. Rep., 663.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Harris County of manslaughter, and his punishment fixed at five years in the penitentiary.

Two officers were watching appellant's house in Houston on information of traffic in intoxicating liquor. Appellant was arrested while in the act of leaving the premises. The officers wanted to search his car in the street, but for the purpose of this case he was unwilling for them to do so and ran the car back into his own yard where quite a scuffle ensued, ending for the time being by appellant getting away from the officers, climbing over a porch railing and dashing into his house through a door which was shut behind him.

In the rear of the dwelling house and to the east thereof was a garage. The officers had gotten information that a truck load of whisky was expected to be delivered at the premises that morning. While they were watching and before their difficulty with appellant, another man had driven on to the premises and to the garage and then had started away, and the officers upon search found in his car a telescope containing twelve quarts of whisky. They had then gone and obtained a search warrant which they had at the time of their difficulty with appellant just mentioned.

One of the officers with the search warrant went up to the door through which appellant had just disappeared and demanded entrance a number of times, which being refused he proceeded to kick open the door and go in. The other officer, Mr. Floyd, deceased herein, had gone around the house and to the garage where it appears they suspected the liquor was stored. Officer Edwards testified that after he entered the house his attention was attracted to a bag on a doufold and upon examination he found in it a number of quarts of whisky. While looking at this Mr. Edwards heard a shot fired at the rear of the premises and the appellant came rushing through the back of the house. He crouched behind a cased opening and catching sight of witness, fired at him and Mr. Edwards returned the fire, shooting twice. Appellant ran and was lost sight of by witness, but later was found in the ceiling of the house. After losing track of appellant officer Edwards went out to the garage where he found deceased lying on his face in the runway going into the garage. Mr. Edwards picked up an empty 45-caliber cartridge shell near the back door which fitted a 45-caliber pistol found in the house recently discharged and with fresh blood on the handle. It appears that in appellant's struggle with the officers in the yard when they tried to arrest him he had been struck blows on his head and face which caused blood to flow.

Appellant set up self-defense and complains of the charge on this issue. He swore that he was assaulted by the officers in his yard and got away from them and ran into the house, and a little later, purposing to escape through the back yard and over the fence, he says he grabbed a gun and started to run out of the back door and saw a man at the back who said: "You won't get away from us this time, you son-of-a-bitch" and came up with his arm with a gun in his hand. Appellant said he shot at the man and ran right back into the house. He testified that he did not know deceased was there when he ran out of the door, and that he intended to jump over the back fence and get away and that he fired the shot because he thought from the remark and the way deceased raised the gun that deceased was going to kill him. Appellant's wife swore that just before the shooting she ran out in the yard where she could see de-

ceased, and that she saw him point his revolver at some one whom she could not see and heard him saying something but could not tell what it was, and that she then heard a shot and saw deceased fall.

In determining the sufficiency and the correctness of the charge on self-defense it will not be necessary to set out the State's testimony. The charge on self-defense was as follows:

"All self-defense rests upon necessity. Where there is no necessity to kill, it cannot be self-defense; but a reasonable apprehension of death or serious bodily injury will excuse a party in using all necessary force to protect his life and person, provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time, and in such case the party acting under such apprehension is in no event bound to retreat in order to avoid the necessity of killing his assailant. If from the evidence you believe the defendant killed the said J. W. Floyd, but further believe that at the time of so doing the deceased was about to make an attack on him, which, from the manner and character of it caused him to have a reasonable expectation or fear of death or serious bodily injury, and that acting under such reasonable expectation or fear, the defendant killed the deceased, then you should acquit him, or if upon this proposition you have a reasonable doubt, you will find him not guilty.

"If, however, you find from the evidence beyond a reasonable doubt, after viewing the facts from the defendant's standpoint at the time of the homicide, that it did not then reasonably appear to the defendant that he was in danger of losing his life or suffering serious bodily injury at the hands of the deceased, then and there at the time he shot deceased, then if you so find, you will find against his plea of self-defense."

Appellant has a separate bill of exceptions to the first two lines of said charge. Same should not have been given. A somewhat similar charge is criticised in Coker v. State, 59 Texas Crim. Rep., 243. Same was liable to be misunderstood and especially in a case where the defense was apparent danger. Judge White in Weaver v. State, 19 Texas Crim. App., 567, says: "The whole doctrine of self-defense rests upon the comprehensive principle of reasonable *necessity, and apparent reasonable necessity is the whole law of self-defense.*" In Ruling Case Law, Vol. 13, p. 815, appears the following sound statement: "To excuse the killing it need not however be made to appear that the danger was real and that the homicidal act was in fact necessary." Many cases are cited in support of the text, among others Meuly v. State, 26 Texas Crim. App., 274. We *have found no case reversed for the use of such language when the remainder of the charge seems to correctly instruct the jury on ap-*parent danger, though reason easily suggests the grave danger of

giving the jury a charge containing this statement. They are to determine the rights of the accused from what they deem to have been his view point at the time he acted, and a statement by the trial judge,—the law giver of the jury,—that all self-defense rests upon necessity, and where there is no necessity to kill it can not be self-defense,—might very easily mislead the jury to the injury of the accused whose right to kill in fact rested upon no actual necessity, but only on what appears to him to be a necessity. In the instant case when the officers were seeking no more than the arrest of the accused, as contended by the State, it would not seem illogical that the deceased having his pistol in his hand and coming suddenly upon appellant who had just before gotten away from him, might raise the pistol and say, ''You won't get away from us this time, you son-of-a-bitch'' and from the jury's standpoint might have intended no more than to arrest the accused, and they might conclude that no actual necessity existed for the killing in self-defense. It can thus be easily seen that the statement of the trial court to the jury that there could be no killing in self-defense unless there was a necessity to kill, could be interpreted by the jury so as to deprive appellant of that which has been accorded to him by the uniform holdings of this court,—that is, that if there appeared to him from his standpoint a reasonable necessity for taking life, he should be held justifiable.

Appellant further presses an exception to the remainder of said charge quoted. Let us examine said charge in its application to the facts. It will be found there is no statement to the jury that in determining whether an attack was made upon appellant reasonably indicating a purpose on the part of the officer to kill or inflict serious bodily injury, they must view the matter from his standpoint. The only place in the charge where there is reference to the duty of the jury to consider the matter from the standpoint of the accused, appears in an abstract statement. It should have been given in a concrete application of the law to the facts in this particular case.

It is also contended that the charge only allowed the jury to determine that he was in danger at the hands of the deceased from the acts and conduct of the deceased in making an attack, and did not authorize the jury to consider also in this connection the word or words, if any, used by deceased accompanying some act. We believe this also to be a just criticism of the charge. Subdivision 1 of Art. 1105 of our Penal Code, in reference to self-defense against unlawful attack, is as follows:

''It must reasonably appear by the acts or by words, coupled with the acts of the person killed, that it was the purpose and intent of such person to commit one of the offenses above named.''

Many cases might be cited in which we have held that when demanded by the evidence a charge is too restrictive of the right of

self-defense which makes such right depend wholly on the acts of the injured party and not his acts coupled with his words. In Dugan v. State, 86 Texas Crim. Rep., 130, 216 S. W. Rep., 163, the matter is discussed and authorities cited.

We have examined each of the special charges requested by appellant but for one sufficient reason or another which we deem it unnecessary to discuss at length, we conclude that no reversible error appears from their refusal.

Nor do we think the court erred in refusing the charge in reference to the use of more force than was reasonably necessary on the part of the officers in effecting appellant's arrest for the possession of intoxicating liquor. If appellant was on trial for shooting one or both of the officers at the time they attempted to arrest him in his front yard, under his testimony to the effect that they attacked him in his car and dragged him out, there might be pertinence in this proposition; but it is claimed that he had gotten away from them and gone into his house and there secured a pistol and had started out of his back door. According to his theory of what occurred out there it would be a plain case of self-defense, while according to the theory of the State it would be a plain case of culpable homicide.

Nor do we think the trial court erred in giving the converse of the charge on self-defense, in stating that if the jury found that from appellant's standpoint at the time that it did not reasonably appear to him that he was in danger of losing his life or suffering serious bodily injury at the hands of deceased, they should find against his plea of self-defense.

We would not deem the fact that the wife of deceased was permitted to be introduced as a witness for the State and to be accompanied into the court-room by her child, a reversible error.

The argument of State's counsel will not be discussed in view of our disposition of the case. It will probably not occur upon another trial.

For the error mentioned the judgment will be reversed and the cause remanded.                    *Reversed and remanded.*

ON REHEARING.

November 14, 1923.

MORROW, Presiding Judge.—The State, through counsel, challenging the soundness of the original opinion, points to that portion of the opinion in the case of Williford v. State, 38 Texas Crim. Rep., 393, which reads as follows: "All self-defense rests upon necessity. Where there is no necessity to kill, it can not be self-defense. This is law."

The sentences quoted are from a paragraph containing the following: "Under peculiar circumstances, it would be necessary to

qualify or explain what is meant by necessity. If the necessity was apparent only, then the charge might be calculated to mislead the jury, to the injury of the appellant; but, if the necessity was real, there is no injury in the charge.''

The words, ''all self-defense rests upon necessity; where there is no necessity to kill, it cannot be self-defense'' obviously do not state all of the law of self-defense. The writer of the opinion in Williford's case, *supra,* himself qualified and explained this statement with the admission that the charge embracing those words might be harmful and mislead the jury where the facts raise the issue of apparent danger. That this is true seems too clear for argument. A more comprehensive and accurate statement of the law upon the subject of self-defense is found in the opinion of Presiding Judge White, in Weaver's case, 19 Texas Crim. App., 567, from which we quote: ''Homicide is permitted by law when inflicted for the purpose of preventing the offense of murder, whether committed by the party about to be injured or by some person in his behalf; but the killing must take place while the person killed was in the act of committing the offense, or after some act done by him showing evidently an intent to commit such offense. (Penal Code, art. 570, and subdivis. 2.) In such circumstances the killing is justifiable on the principle of necessary self-defense. The whole doctrine of self-defense rests upon the comprehensive principle of reasonable necessity, and apparent reasonable necessity is the whole law of defense. It is the right to do whatever apparently is reasonably necessary to be done in warding off or avoiding serious injury under the circumstances of the case.''

As stated in Coker's case, 59 Texas Crim. Rep., 243, ''it would be the better practice to avoid giving a qualifying statement in the beginning of the charge on self-defense.'' The statement in the beginning of the charge that ''all self-defense rests upon necessity; where there is no necessity to kill, it cannot be self-defense'' or other similar or equivalent statement, in the absence of additional qualifying or explanatory words, is hazardous in that it may be misleading. In the case in hand, from the State's standpoint, there was no necessity to kill the deceased. As the facts appeared to the jury on the trial, there may, in fact, have been no necessity for the appellant to have taken the life of the deceased. As viewed by appellant at the time, the danger may have been imminent. Under such circumstances, the statement in the charge that ''where there is no necessity to kill, it cannot be self-defense,'' was, as we have endeavored to show in the original opinion, calculated to mislead the jury.

For the reasons stated that under the facts of the case there was error rendering a reversal proper, the motion for rehearing is overruled.

*Overruled.*