CLAUDE HENRY, *alias* COWBOY HENRY V. THE STATE.

No. 19923.   Delivered November 23, 1938.

Rehearing Denied January 11, 1939.

The opinion states the case.

*J. Franklin Spears and Dave Watson,* both of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is murder; the punishment is confinement in the state penitentiary for a term of fifty years.

The testimony adduced by the State, briefly stated, shows that on the night of November 15, 1937, the appellant, Frank Gonzales and the deceased, Arthur Sinclair, met at the Crystal Bar in the City of San Antonio. From there they went to the Monte Carlo Inn where appellant asked Burnance Rogers to buy each of them a bottle of beer. Rogers declined, stating that he was financially unable to stand the expense. He then asked Frank Bianchi to buy the beer and he agreed to do so. At the time that appellant was talking to Rogers and Bianchi, the deceased and Gonzales were standing a few feet away. Appellant pointed in the direction of these men and said: "You see that s—ofa—— there; I am going to get him. That fellow ratted on me one time and put me in jail."

Soon after having made this remark, he went over to the table where Gonzales and the deceased had gone to talk to some women. While at the table, one of the women asked the deceased if he was a "snooper" for the Liquor Control Board. When she said this, the deceased arose and walked out of the building. Appellant arose and remarked to the women: "You remain here, I am going to get that s—ofa—— and bring him back." He then followed the deceased outside. In a very short time, four shots were fired in rapid succession and after a few seconds pause, a fifth shot was fired. A young man and a woman who were standing just outside the side door saw appellant shoot at the deceased as he was running toward the south door of the inn. They saw appellant follow him and fire the fifth shot as the deceased was entering the building. Appellant continued to follow him into the building and struck him two or three times on the head with the pistol, knocking him down. He then walked up to the bar, struck the counter with the pistol and demanded a bottle of beer.

Appellant testified that on the night in question he, Gonzales and the deceased, met at the Crystal Bar. From there they went to the Monte Carlo Inn where Bianchi ordered a bottle of beer for each of the three. They saw two women sitting at one of the tables and walked over and engaged them in conversation. During the conversation, one of the women accused the deceased of being a "snooper" for the Liquor

Control Board. This peeved the deceased and he arose and started out of the building, motioning for the appellant to follow him. After they had gotten outside, the deceased asked appellant why he had sided with the whores who had called him a snooper, to which he, appellant, replied that he had rather be a whore than a stool pigeon. The deceased then said: "I will get you for calling me a stool pigeon" and began shooting at him. Appellant ran upon the deceased and took the gun away from him. Deceased again remarked: "I am going to get you, you son—ofa——," and put his hands behind him, at which time appellant shot him and continued shooting as the deceased was running toward the door leading into the saloon. He then knocked the deceased down as he entered the door.

Appellant stated that he thought the deceased was going to his Mexican friend to get a gun with which to kill him.

Owing to the disposition we are making of this case, it will be unnecessary to discuss but one of appellant's contentions. He addressed a number of objections to the court's main charge, one of them relating to the issue of self-defense, which charge read as follows: "If from the evidence you believe the defendant killed the said Arthur Sinclair, but further believe, or have a reasonable doubt thereof, that at the time of so doing the deceased had made, was making, or was preparing to make an attack on him, or it reasonably so appeared to the defendant as viewed from his standpoint alone at the time, which, from the manner and character of it and the defendant's knowledge of the character and disposition of the deceased, caused him to have a reasonable expectation or fear of death or serious bodily injury, or it reasonably so appeared to the defendant viewed from his standpoint alone at the time, and that acting under such reasonable expectation or fear, the defendant killed the deceased, then you should acquit him; and if the deceased was armed with a pistol at the time he was killed and had made, was making or was preparing to make such attack on defendant or it reasonably so appeared to the defendant viewed from his standpoint alone at the time then the law presumes the deceased intended to murder or to inflict serious bodily injury upon the defendant."

Appellant objected to the charge pertaining to his right of self-defense on the ground that it was too restrictive and was a limitation on his legal right to act upon the appearance of danger arising from the acts or words, or acts coupled with words by the deceased.

If the deceased did some act and in connection therewith spoke some word or words which caused appellant to have a

reasonable expectation or fear of death or serious bodily injury, or if it reasonably so appeared to him as viewed from his standpoint at the time, and appellant, acting under such reasonable expectation or fear of death or serious bodily injury killed the deceased, then he would be justified under the law and would be entitled to a verdict of not guilty. Section 1 of Art. 1222, P. C., reads as follows: "* * * It must reasonably appear by the acts OR WORDS COUPLED WITH THE ACTS of the person killed that it was the purpose and intent of such person to commit one of the offenses above named. * * *"

It occurs to us that the charge is subject to the criticism addressed thereto in that it confined the jury's consideration to the ACTS of the deceased alone, when it should have included BOTH THE WORDS AND ACTS. We think a failure to so charge was clearly a limitation on his legal rights under the present facts. In support of the views herein expressed, we refer to the following authorities: Bazan v. State, 12 S. W. (2d), 788; Briggs v. State, 255 S. W., 410; Johnson v. State, 117 S. W. (2d), 1100, where the subject is fully discussed.

Appellant also in due time objected to the court's charge on the presumption arising from the use of a deadly weapon by the deceased, as provided for by Art. 1223, P. C., on the ground that the evidence did not raise the issue.

Art. 1223, P. C. reads as follows: "When the homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring, or castration are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury."

The testimony shows that a few minutes prior to the killing, appellant disarmed the deceased and at the very time of the homicide, deceased was not armed. Consequently the issue was not raised and the learned trial court fell into error in declining to respond to appellant's timely objection. It is a well-recognized and established rule in this State that a court should charge only upon such issues as are raised by the evidence.

However, we do not decide whether the error last mentioned is of sufficient gravity to necessitate a reversal, but predicate the reversal of the judgment solely upon the failure of the court to submit an adequate instruction on the law of self-defense.

We have carefully reviewed all of the other complaints and reached the conclusion that the same are without merit.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The District Attorney of Bexar County in behalf of the State has filed a motion for rehearing which was ably presented by the Assistant District Attorney.

We have examined the authorities cited in the State's motion as supporting the proposition that an omission from a charge on self-defense of "words spoken" by deceased in connection with his acts may sometimes be held harmless error. The question then arises whether the facts in the instant case make such a holding appropriate. It is not our purpose in holding to the contrary to express the opinion that appellant's testimony which raises the issue of self-defense is true. Neither does it lie within our province to denounce it as untrue. The jury must determine the facts. We cannot escape the conclusion that if the words were spoken by deceased as claimed they gave color to his acts as it appeared to appellant. Without the words the acts might have indicated flight. In connection with the words the jury might have given credence to appellant's claimed belief that deceased was seeking another weapon.

It follows that we adhere to our original opinion. The motion for rehearing is overruled.