ADA MARIE WHITE V. STATE

No. 34,240. February 14, 1962

*Warren P. McKenney*, Austin, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is assault with intent to murder with malice; the punishment, 8 years.

The evidence shows that appellant shot the injured party who was her husband. Her defense, raised by her testimony, was self defense.

The court in his charge submitted such defense, but refused appellant's request that the jury be instructed that in determining the existence of real or apparent danger it was the duty of the jury to "consider the words, acts and conduct, if any, of the injured party, at the time of and prior to the time of the assault and consider whatever threats, if any, the injured party may have made to the defendant * * *".

Exception to such refusal was reserved.

Appellant testified that the injured party had threatened to kill her and had, shortly before she went to the scene of the shooting with a pistol, put a gun in her stomach and told her not to be causing trouble or he would shoot her.

When asked why she took the gun with her to the scene of the shooting, she testified: "Other than being afraid of him I don't know. Q. He had threatened you many times, had he not? A. He had. Q. And beaten you up many times, had he not? A. Yes, he had."

She testified that when she walked up he had a gun in his left hand pocket, and he reached in and pulled it out "and he says 'I think I told you back up the highway not to start causing me no damn trouble' and that when he pulled the gun out, I pulled the one I had out." She testified that when she took the gun out of her purse she was afraid he was going to kill her; that a number of shots were fired and that she did not know who fired first.

On cross-examination she was asked and answered:

"Q. Well, you did take care of him on the night of November the 3rd, didn't you, Mrs. White? A. After he had threatened me, threatened me, threatened me.

"Q. So it was — threats that made you decide that you were going to kill him, is that right? A. No, I never had in my mind to kill anybody at any time. * * * I took the gun with me because I was scared of him. * * *

"Q. Nickel plated gun he had in his hand. Was he pointing it at you? A. He did point it at me.

"Q. At that time? A. And he told me to get the hell away from there. He said 'I told you out the highway you weren't going to cause me no trouble.' "

Nowhere in the court's charge do we find any reference to threats, and the charge on the right to defend against apparent as well as real danger did not encompass the threats or the words, acts or conduct of the injured party. Such omissions constitute an undue restriction upon appellant's defense and call for reversal.

Bratton v. State, 161 Texas Cr. Rep. 623, 279 S.W. 2d 865; Williams v. State, 87 Texas Cr. Rep. 280, 221 S.W. 2d 287; Henry v. State, 136 Texas Cr. Rep. 22, 123 S.W. 2d 347, sustain our holding.

See also Art. 1258 V.A.P.C. and cases cited under Note 19. Also Barkley v. State, 152 Texas Cr. Rep. 376, 214 S.W. 2d 287.

The judgment is reversed and the cause remanded.