JOHN HOLLMAN v. THE STATE.

No. 5361.    Decided May 28, 1919.

**1.—Murder—Manslaughter—Instrument Used—Charge of Court—Rule Stated.**

The rule is,that in cases where the instrument used was not necessarily a deadly weapon, the court should charge the jury the substance of Article 1147, C. C. P., to the effect that if there was no intent to kill, and the instrument was not a deadly weapon in the manner used, that the jury might find the accused guilty of an aggravated assault, and where this is not done, as in the instant case, the same is reversible error. Following Crow v. State, 55 Texas Crim. Rep., 202, and other cases.

**2.—Same—Self-Defense—Right of Going Armed—Charge of Court.**

The court having given a charge on the law of self-defense, without in any way qualifying it, there was no error in refusing to instruct the jury that defendant had a right to arm himself and seek the deceased for an explanation. Following Williford v. State, 38 Texas Crim. Rep., 397, and other cases.

**3.—Same—Deadly Weapon—Charge of Court—Presumption.**

Where, upon trial of murder, there was no evidence that the knife used by the deceased was a deadly weapon, there was no error in the court's failure to instruct the jury on the presumption of intent to kill by the deceased, arising by the use by him of a deadly weapon.

Appeal from the District Court of Kaufmann. Tried below before the Hon. Joel R. Bond.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne,* for appellant.—On the question of the right of going armed; Shannon v. State, 28 S. W. Rep., 687; Airheart v.

State, 51 S. W. Rep., 214; Duke v. State, 133 S. W. Rep., 432.

On question of court's charge of deadly weapon: Coker v. State, 128 S. W. Rep. 138; Lee v. State, 44 Texas Crim. Rep., 460; Crow, 55 id., 202; Betts v. State, 133 S. W. Rep., 253.

On question of presumption of deceased and deadly weapon: Cooper v. State, 48 Texas Crim. Rep., 36.

On question on failure to charge on aggravated assault: Brown v. State, 54 Texas Crim. Rep., 126; Nichols v. State, 45 id., 24.

*E. A. Berry*, Assistant Attorney General, for the State.—On question of deadly weapon: Hudson v. State, 59 Texas Crim. Rep., 655; Acers v. U. S., 164 U. S., 388; Wolters v. State, 37 Texas Crim. Rep., 388.

MORROW, JUDGE.—The appeal is from a conviction of manslaughter under a charge of murder and punishment fixed at confinement in the penitentiary for three years.

A short time prior to the homicide appellant who was a youth nineteen years of age, got into a difficulty with a son of the deceased in which the deceased interfered and angry words passed between him and the appellant. The deceased according to some of the testimony applied to appellant insulting epithets and exhibited his knife in a threatening manner. Subsequently they met and the homicide took place, the appellant striking the deceased one blow on the head with a stick, fracturing the skull. From the State's standpoint the appellant when about fifteen steps from deceased said: "Mr. Bruce, you called me a son-of-a-bitch and I came to make you take it back." Bruce replied "all right," when the appellant struck the blow.

The appellant and his witnesses presented the theory that appellant, after the first difficulty, was informed by his brother that the deceased was willing to make friends and that appellant approached him for that purpose and began the conversation by saying: "Mr. Bruce, if I have said anything to hurt your feelings I want to apoligize, and I think you owe me one for what you called me at the schoolhouse." That the deceased responded by drawing his knife and starting toward the appellant when appellant picked up a stick that was lying upon the ground to defend himself.

Various exceptions were reserved to the charge of the court and the refusal of requested charges. The stick used was described as a blackjack limb, the witness describing it, stating, "It was about two or three feet long and about as big as my wrist." This testimony was given by a girl fourteen years of age and we find in the record no other description of the instrument used nor of its character as a deadly weapon. Our statute, article 1147 provides that "if the instrument be one not likely to produce death it is not to be presumed that death was designed unless from the manner in

which it was used such intention evidently appears;'' and the court
has uniformly held that in cases where the instrument used was not
necessarily a deadly weapon, the court should charge the substance
of this article of the statute and inform the jury in appropriate
language that if there was no intent to kill and the instrument was
not a deadly weapon in the manner used, that the jury might find
the accused guilty of an aggravated assault.    Crow v. State, 55
Texas Crim. Rep., 202, and other cases listed in Branch's An. P. C.,
p. 1180.   The stick used by appellant was not *per se* a deadly weapon
and its character as such was a question of fact notwithstanding that
death resulted from the blow struck with it.     Sheffield v. State,
1 Texas Crim. App., 641;  Coker v. State, 59 Texas Crim. Rep.,
244;  Branch's An. P. C., sec. 2102;   Merka v. State, 82 Texas Crim.
Rep., 550, 199 S. W. Rep., 1128.

The failure of the court to observe and apply the proper rule
was specifically brought to his attention by exceptions to the charge
as well as requested charges, and is brought forward for review in
accord with the statutes.

The court having given to the jury an instruction on the law
of self-defense, without in any way qualifying it, there was no
error in refusing to instruct the jury that appellant had a right
to arm himself and seek the deceased for an explanation or discus-
sion of the previous difficulty.   Such a charge has been held appro-
priate, and often necessary in cases in which there was a limitation
on the right of self-defense embodied in the court's charge, but
the rule requiring it is limited to cases in which there is such limi-
tation.    Williford v. State, 38 Texas Crim. Rep., 397;   Smith v.
State, 81 Texas Crim. Rep., 368, 195 S. W. Rep., 599.

There was evidence that at the time of the homicide deceased
had his knife in his hand.  We find none, however, descriptive of
the knife or upon which the jury could predicate a finding that
it was a deadly weapon.   In this state of the evidence we do not
regard the failure of the court to instruct the jury on the presump-
tion of intent to kill by the deceased, arising by the use by him of a
deadly weapon, as error.  Hudson v. State, 59 Texas Crim. Rep., 655.

The error pointed out requires a reversal of the judgment, which
is ordered.

*Reversed and remanded.*