## WILL POLLARD v. THE STATE.

### No. 5945.  Decided November 3, 1920.

**Murder—Assault to Murder—Right to Arm One's Self—Charge of Court—Self-defense.**

Where upon trial of murder and a conviction of assault with intent to murder, the court gave a charge on the perfect right of self-defense, it was not incumbent upon him to instruct the jury upon defendant's right to arm himself and seek the deceased, etc. Following Smith v. State, 81 Texas Crim. Rep., 368, and other cases.

Appeal from the District Court of Hill. Tried below before the Honorable Horton B. Porter.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of right of going armed: Ford v. State, 177 S. W. Rep., 1176, and cases cited in opinion.

MORROW, JUDGE.—The appellant was charged with murder, and convicted of an assault with the intent to murder, and punishment fixed at confinement in the penitentiary for a period of two years.

The appellant went into the home of deceased, and shot at the deceased several times, one discharge striking him on the hand. The wound was not fatal, and the jury found that the death which subsequently resulted was due to other causes. The law of manslaughter and self-defense was submitted to the jury. Appellant's complaint is based upon the failure of the court to instruct the jury, upon his request, upon the right of appellant to arm himself and seek the deceased. The appellant's testimony, which puts the matter in the most favorable light from his standpoint, is to the effect, that his wife was the daughter of the deceased; that a separation and reconciliation had taken place, and that a day or two prior to the homicide the appellant had spent the night with his wife at the home of the deceased; that she remained there with the agreement that as soon as practicable they would go to their own home. Appellant went away, pending the consumation of this agreement, and returned on the oc-

casion of the homicide. At the time he reached the home of the deceased, the wife of appellant was not there, but was somewhere in the neighborhood spending the night. He reached the home of the deceased, according to his testimony. very late in the night, long after midnight, and had provided himself with a shotgun and some shells, which were in his possession because he had had a conversation with the deceased which he construed into a threat. The appellant testified that he reached the home of deceased about one or two o'clock at night; that he brought his gun because "deceased had said I had better not come in that country any more, and my wife said she wanted to come back, and I didn't know what Mose (deceased) was going to do with me. When I got to Mose Jackson's house I walked to the door and shook the door knob, and called my wife. Nobody answered, and I pushed the door open and went in. The door was not locked. When I went in I asked where was Hannah. I received no answer. I saw Mose and his wife in the north room where their bed was.. The last time I called for Hannah, Mose turned and got his gun which was sitting by the bed, and was coming up with it. I had seen the gun there before, it was the usual place of keeping it. Mose was lying on the bed. When I saw Mose reach out and get his gun I was about nine or ten feet from him, and I shot. I shot at his hand as he went over after the gun. I saw him get the gun in his hand." Other shots were fired by the appellant, but they did not take effect. The state's testimony was to the effect that appellant came in the house and fired, and that no demonstration had been made by the deceased.

The court gave a charge on the perfect right of self-defense, which is not criticised in any respect except that mentioned. The court not having qualified the right of self-defense (which apparently he would have been justified in doing considering the time and manner in which the appellant entered), it was not incumbent upon him to instruct the jury upon appellant's right to arm himself and seek the deceased, or go to his home after his wife. We find nothing in the record which differentiates this case from other similar cases in which the point has been decided adversely to appellant's contention. Williford v. State, 38 Texas Crim. Rep., 396; Smith v. State, 81 Texas Crim. Rep., 368, and cases therein cited; Branch's Ann. Texas P. C., sec. 195.

Finding no error in the record, we order the judgment affirmed.

*Affirmed.*