## J. A. YANCY V. THE STATE.

### No. 10876.   Delivered June 24, 1927.

### Rehearing denied November 2, 1927.

**1.—Manslaughter—Requested Charge—On Threats—Properly Refused.**

Where appellant, on a trial for murder, requested the court to charge the jury that if they found that appellant was threatened with death or serious bodily injury by the deceased, and that he armed himself for the purpose of repelling said attack, and with the determination to shoot the deceased in case he was attacked, this would not deprive him of his right of self-defense.   This charge was properly refused because it did not present a correct proposition of law, and because the evidence did not raise the issue sought to be presented.

**2.—Same — Charge of Court — On Presumption From Use of Deadly Weapon—Not Raised by Evidence.**

Appellant complains of the failure of the court to charge the jury on the presumption arising from the use of a deadly weapon on the part of the person slain, as is enunciated in Art. 1223, P. C. 1925.   There being not the slightest evidence in this case that the deceased was armed with any kind of a weapon at the time he was killed, such a charge was not required.

**3.—Same—Requested Charge—Covered by Main Charge—Properly Refused.**

Where the court's main charge correctly presented the law of self-defense, based on threats, there was no error in refusing appellant's requested charges on the same issue.

**4.—Same—Requested Charge—On Right to Seek Explanation—Properly Refused.**

Where there was no evidence introduced upon the trial that appellant sought the deceased for an explanation and settlement in regard to threats of the deceased against him, the court properly refused to submit such issue to the jury.   It is well settled that no defensive issue should be submitted in the charge unless same is demanded by evidence introduced on the trial.

#### ON REHEARING.

**5.—Same—Charge of Court—On Threats—Rule Stated.**

It is well settled by a long line of decisions that where the court instructs the jury on self-defense, based upon threats, which is not qualified by a charge on provoking the difficulty or which limits appellant's rights in any way, the trial court is not required to charge on appellant's right to arm himself and seek his adversary for an explanation.   See Williford v. State, 38 Tex. Crim. Rep. 393, and other cases cited in opinion on rehearing.

Appeal from the District Court of Brown County.   Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction of manslaughter, penalty two years in the penitentiary.

The opinion states the case.

*Calloway & Calloway* of Comanche, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of manslaughter, punishment two years in the penitentiary.

Appellant killed his father-in-law by shooting him with a shotgun. From the standpoint of the state the facts seem to show a much graver crime than that for which appellant was convicted. We see no advantage in setting out in detail the facts.

We find in the record five bills of exception, each being reserved to the refusal of a special charge. The first bill of exceptions presents complaint of the refusal of a charge, in effect, that one whose life has been threatened has the right to arm himself and determine to shoot his assailant if he is attacked by the party threatening him, and his action in arming himself does not deprive him of the right to defend himself in case of attack, and that if the jury found in this case that appellant was threatened with death or serious bodily injury by the deceased, and that he armed himself for the purpose of repelling said attack, and with the determination to shoot the deceased in case he was attacked, this would not deprive him of his right of self-defense. We perceive no facts calling for such a charge, even if it presented a correct proposition of law, with which proposition we are not in accord. Giving only the version of the matter found in appellant's testimony, we observe that he states that following an encounter between himself and deceased, deceased called for his gun. Appellant says he went off and got his gun and loaded it and came back down to where deceased was, and about the time he got back down there the daughter of deceased appeared bringing to the latter his gun. Before she got to him with the gun appellant said, believing himself in danger, he shot and killed deceased. We do not deem these facts to call for such charge as that under consideration.

The second bill of exceptions seeks to invoke the principle enunciated in Art. 1223, 1925 P. C., which defines the presumption arising from the use of a deadly weapon on the part of the person slain, when the killing takes place to prevent murder, etc. In view of the fact that deceased at no time in the fatal difficulty had in his hand any gun or other character of weapon, we find no room for giving application to the provisions of said statute.

Requested charges Nos. 3 and 4, complained of in bills of exception bearing the same numbers, relate to self-defense based on threats, and we are of opinion that the law relative to such right on the part of the accused was fully covered by the main charge, and that no error is presented in either of said bills of exception.

The remaining bill of exceptions complains of the refusal of a charge, in effect, that one who has been threatened has the right to go to such other person for an explanation and to make an attempt to settle the difficulties, and that if the jury find that deceased had threatened the defendant, in the instant case, then defendant had the right to seek deceased for an explanation and settlement. We find no facts in this case supporting any theory that at the time appellant armed himself and went to where he fired the fatal shot, he had any purpose of seeking an explanation or attempting any settlement with deceased. The requested charge finds no support in the facts.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews complaint because the court refused his special charges on the right to arm and seek his adversary for an explanation, such requested charges being the ones discussed in the first and last paragraphs of our original opinion. In addition to the reasons heretofore given why no error was committed in refusing such instructions, there is still another to which we did not advert in our former opinion. The court gave an instruction on self-defense generally and upon self-defense based upon threats, in no way qualified by a charge on provoking the difficulty or which limited appellant's rights in any way. By a long line of authorities it is settled that under such circumstances the court is not called upon to give instructions such as were here refused. Williford v. State, 38 Tex. Crim. Rep. 393; Smith v. State, 81 Tex. Crim. Rep. 368, 195 S. W. 595, and cases cited therein collated; also Helliman v. State, 85 Tex. Crim. Rep. 371, 212 S. W. 663; Ott v. State, 87 Tex. Crim. Rep. 382, 222 S. W. 261; Pollard v. State, 86 Tex. Crim. Rep. 104, 225 S. W. 56; Henderson v. State, 89 Tex. Crim. Rep. 21, 229 S. W. 535; Boaz v. State, 89 Tex. Crim. Rep. 515, 231 S. W. 790.

We have again reviewed the facts and are still of the opinion no charge was called for upon the presumption that deceased

intended to kill appellant. When appellant shot him, deceased had neither a knife nor gun in his hand. All of appellant's rights were protected under the instructions given on self-defense.

The motion for rehearing is overruled.

*Overruled.*