BILLIE STARLAND V. THE STATE.

No. 13695.  Delivered November 19, 1930.
Reported in 32 S. W. (2d) 657.

The opinion states the case.

*O. H. Atchley* of New Boston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for twenty-five years.

It was the state's theory that appellant made an unprovoked attack on deceased, while it was appellant's theory that deceased stated to him that he was going to kill him, put his hand in his pocket as if to draw a pistol, and advanced upon him. The difficulty occurred in the home of the mother-in-law of deceased. The wife of deceased had been driving in an automobile with appellant. Having seen the parties together, deceased came to the home of his mother-in-law for the purpose of advising appellant to quit going with his wife. A general quarrel among the parties present, all of whom were negroes, appears to have arisen. According to the testimony of the state's witnesses, deceased left the house, got his horse and prepared to leave. Appellant followed him outside. Deceased was standing in the yard and appellant was on the gallery. Appellant drew a pistol and shot deceased. Deceased was unarmed and was making no demonstration.

Appellant placed several witnesses on the stand whose version of the difficulty was in substantial accord with the testimony of the witnesses introduced by the state. These witnesses testified that deceased made no demonstration toward appellant at the time appellant shot him. It appears to have been uncontroverted that deceased was unarmed. Appellant alone testified that deceased placed his hand in his pocket and approached him as if to attack him. He said that he believed his life was in danger at the hands of deceased when he fired the fatal shot.

It is recited in bill of exception No. 1 that the state proved by the witness Barton that he and one Scott went to the scene of the killing and searched the body of deceased; that deceased was not armed with anything except a pocket knife; that the search was made about thirty minutes after the homicide. It is stated in the bill that appellant objected to the testimony on the ground that it was shown without dispute that many persons had access to the body of deceased prior to the arrival of the witnesses, and that said persons had the time and opportunity to search the body before the arrival of the witnesses, and take whatever weapons he might

have had. The bill of exception is insufficient. The statement that others were present and had access to the body of deceased prior to the arrival of the witnesses constitutes a ground of objection. It can not be taken by this court to be a certificate on the part of the trial judge that the facts which form the basis of the objection are true. It merely shows that such an objection was made. Buchanan v. State, 298 S. W. 569. Proof that deceased was unarmed was relevant and material. It may be added that we are of the opinion that the testimony was admissible.

On cross-examination of one of appellant's witnesses, the state propounded a question as follows: "This boy (meaning deceased) did not make any move at all to cause him (meaning defendant) to kill him (deceased) did he?" The witness answered: "No sir he was just talking to him then." If the question was improper (and this is not conceded) the bill of exception is insufficient in failing to state enough of the evidence to manifest the harmful character of the error, if any. It is not shown in the bill that appellant relied upon self-defense. Aside from the question and answer, the bill contains only a statement of appellant's ground of objection. Buchanan v. State, supra.

Appellant objected to the charge of the court on the ground that it did not contain an instruction on the presumption arising from the use of a deadly weapon by deceased, under Art. 1223, P. C. The facts did not call for the charge. Appellant does not claim to have seen a pistol or any other weapon in the possession of deceased. He only said that he thought deceased was going to attack him when he placed his hand in his pocket. Appellant's own witnesses, as well as the witnesses for the state, testified that deceased was unarmed. Lawrence v. State, 18 S. W. (2d) 181; Davis v. State, 296 S. W. 596; Yancy v. State, 298 S. W. 908.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.