BASCOM OWENS v. THE STATE.

No. 15536. Delivered February 1, 1933.
Reported in 56 S. W. (2d) 867.

The opinion states the case.

*H. H. Wellborn* and *Clifford L. Stone,* both of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is for murder; punishment, 20 years in the penitentiary.

Appellant killed two brothers, Rube Barker and Melt Barker. This conviction is for the murder of Rube Barker. There were no eye witnesses from the state's standpoint. The state's case is made to depend upon the admissions and statements of the appellant that he killed the deceased, together with other surrounding facts, the testimony showing antecedent animosities and threats made by appellant against deceased. Several deputies sheriffs testified for the state to the effect that they were informed of the killing and went to the place where the two Barker brothers were lying. They searched the bodies of the deceased brothers, and found no weapon of any kind on or near the bodies.

Appellant's defense was that of self-defense from an actual attack claimed to have been jointly and severally made upon him by the Barker brothers. He also offered testimony showing threats on the part of the deceased, Rube Barker, against him, and that said threats were communicated to appellant prior to the killing.

By bill of exception No. 6 appellant complains of the testimony brought out on cross-examination of the appellant's witness Gertha Owens to the effect that the appellant, Bascom Owens, had been sentenced to the penitentiary and served a term for cutting Porter Williams. The bill shows that the testimony was objected to by appellant at the time it was offered on the following grounds: Defendant had not at that time, and never did, put his reputation in issue; the testimony was not pertinent to any issue in the case at bar. The court qualified the bill by referring to the statement of facts as to what occurred on the occasion in question. The statement of facts shows that the witness Gertha Owens, while testifying for the appellant, testified on direct examination that on an occasion some time prior to the homicide that Melt Barker had shot at

Jeff Owens, the father of the appellant. On cross-examination she testified that the shooting at Jeff Owens was in 1929 on the 11th day of December, and the appellant was in the penitentiary at the time. The appellant's counsel stated that they would reserve an exception to that, and the court stated that he would give them their bill. The record further shows that the state's attorney then asked the witness what did he go to the penitentiary for, and upon the objection of appellant's counsel, the court sustained the objection. On redirect examination the witness testified that it was a fact that the Governor-paroled the appellant, and he didn't have to serve his sentence, whereupon the state's counsel again asked the witness what the appellant went to the penitentiary for, to which appellant objected because it was not in any way connected with the present case and in no manner shed light upon it. The court overruled appellant's objection and permitted the witnuess to answer that the appellant went to the penitentiary for cutting Porter Williams.

The general rule is that, on a prosecution for a particular crime accused is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that evidence tending to show that he committed other offenses wholly disconnected with that for which he is on trial must be excluded. In other words, evidence of the commission of independent crimes by the accused is irrelevant where it has no tendency to prove some material fact in connection with the crime charged or where it merely tends to show that accused is a criminal generally. Texas Jurisprudence, vol. 18, sec. 31. The testimony had no tendency to prove any material fact in connection with the crime charged. This evidence was especially harmful to the appellant because it showed that the appellant had formerly been sent to the penitentiary for an assault upon another person. There were no eyewitnesses to the killing. Appellant pleaded self-defense. The evidence, therefore, was reasonably calculated to cause the jury to believe, because of a former assault upon an entirely different person, that the appellant would likely be guilty in the matter under investigation.

Bill of exception No. 1 complains of the admission of testimony by the witness Homer Pound of a conversation purporting to have been made with the defendant's father, Jeff Owens, concerning the killing of the deceased. The court qualifies said bill to show that the conversation complained of was with the appellant. As qualified, no error is shown.

There are several bills of exception complaining of the ad-

mission in evidence of the testimony of witnesses to the effect that, when they searched the body of deceased, and his brother after the homicide, no weapon of any kind was found upon either of them. In this, there was no error. The state may show that the deceased was unarmed at the time of the homicide, and may even prove that fact circumstantially as by showing that no weapon was found on him. See Starland v. State, 116 Texas Crim. Rep., 423, 32 S. W. (2d) 657; Hillen v. State, 108 Texas Crim. Rep., 516, 1 S. W. (2d) 883; Hanners v. State, 108 Texas Crim. Rep., 302, 300 S. W., 71.

By several bills of exception appellant also complains of the admission in evidence of proof to the effect that the appellant stated that he was going to kill the deceased and other threats made against deceased by the appellant. Antecedent threats made by a defendant against the deceased may be shown by proper evidence, and the fact that the threats were remote in point of time goes rather to their weight than to their admissibility, and is not ground for excluding them except under certain circumstances. See Texas Jurispudence, vol. 22, sec. 189; Martin v. State, 107 Texas Crim. Rep., 151, 295 S. W., 1098. These bills, as presented, complaining of this matter show no reversible error.

There is also a bill of exception to the refusal of the trial court to hear appellant's application for a writ of habeas corpus. Another bill of exception complains of the trial court overruling appellant's application for a continuance. As these matters are not likely to occur upon another trial and the case will have to be reversed on another issue, we deem it unnecessary to discuss them.

For the error pointed out in admitting the testimony, over the objection of the appellant, as to appellant's having been sentenced to the penitentiary and serving his term for cutting another person, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.