VERNON GUNTER V. THE STATE.

No. 21541.  Delivered April 23, 1941.
Rehearing Denied May 28, 1941.

The opinion states the case.

*Walter E. Gates,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

KRUEGER, Judge.

The offense is theft of a cow. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction.

The State's evidence, briefly stated, shows that on the night of December 3, 1939, Boyd Smith lost a two-year old Jersey heifer. On the following morning he missed the heifer and instituted a search for her without success. On December 4th, appellant sold several head of cattle through Mr. T. A. Nored, acting for the Nored-Hutchins Commission Company of Fort Worth, Texas. Among them was a Jersey heifer corresponding in age, size, and color to the one which Mr. Smith had lost. This particular animal was sold to one Cook of Fairfax, Oklahoma. Mr. Smith, accompanied by the Sheriff of Mills County, and Hutch Owens, a deputy sheriff of San Saba County, went to Fairfax, Oklahoma, found the heifer in the possession of Mr. Cook and brough her back home. The heifer was definitely identified by Mr. Smith and his brother as the one which had disappeared from his premises on the night of December 3rd. Mr. Nored identified the heifer as the one which appellant brought to the stock yards at Fort Worth on Monday, December 4th.

Appellant took the witness-stand and testified in his own behalf. He denied that he stole the animal in question. He claimed that the heifer which he sold through the Commission Company to Cook was the one which he had acquired from a

man by the name of Clarkston of Denver City, Texas, in July or August, 1939. Appellant also introduced one Gamblin, who testified that in August, 1939, he sold to Smith, the injured party, a yellow-colored Jersey heifer, which was then about fourteen or fifteen months old. It looked like a "muley," but the heifer which Mr. Smith and the officers brought back from Oklahoma was not the animal which he had traded to Smith; at least it did not look like that one. Smith had theretofore testified that the animal which he lost at the time in question was one which he acquired from Gamblin. It will thus be noted that whether the animal which appellant sold at Fort Worth was the one which he claims he acquired from Clarkston or was the one which Smith acquired from Gamblin was a sharply drawn issue which the jury decided adversely to appellant's contention. Under the facts disclosed by the record, we would not be justified in setting aside the verdict of the jury.

It is made to appear by Bill of Exception No. 7 that the District Attorney, on cross-examination of the appellant, propounded to him the following question:

"Is it not a fact that recently you gave checks in Llano County for amounts in excess of $50, which checks were no good?"

Appellant objected to the question but his objection was overruled and he was required to answer, and did answer, that he gave such checks not knowing that he was overdrawing his account at the bank. The court qualified this bill and in his qualification states "that he understood the checks inquired about was one of those upon which a complaint had been filed. * * * That appellant testified on re-direct examination by his counsel as to various checks given by him in Llano County and explained the circumstances under which they were given." The very fact that appellant, on re-direct examination by his counsel, explained the circumstances under which the checks were given, was an attempt to break the force and effect of the testimony which he was required to give in response to the question of the District Attorney. The giving of the "hot checks" was not pertinent to any issue, nor did it shed any light upon appellant's connection with the theft of the cow for which he was then on trial.

In 18 Tex. Jur., p. 53, sec. 31, it is said:

"The general rule is that, on prosecution for a particular

crime, the accused is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that evidence tending to show that he committed other offenses wholly disconnected with that for which he is on trial must be excluded. In other words, evidence of the commission of independent crimes by the accused is irrelevant where it has no tendency to prove some material fact in connection with the crime charged, or where it merely tends to show that the accused is a criminal generally."

In the present instance, it seems obvious to us that the testimony complained of was highly prejudicial to the rights of the appellant and should not have been admitted. See Owens v. State, 122 Tex. Cr. R. 561; Curtis v. State, 104 Tex. Cr. R. 473; Wharton v. State, 137 Tex. Cr. R. 558.

It does not appear that any charge had been preferred against appellant by reason of the giving of the checks inquired about; it had not eventuated in a complaint or indictment. Hence the same could not be used by the State for the purpose of impeachment. See 45 Tex. Jur. p. 102, sec. 241. See also Hunt v. State, 89 Tex. Cr. R. 211; Newton v. State, 94 Tex. Cr. R. 288; Cone v. State, 86 Tex. Cr. R. 291.

The bill of exception complaining of the fact that a prejudiced juror sat upon the trial of the case need not be discussed in view of the disposition we are making of this appeal; nor do we deem it necessary to discuss any of the other matters complained of because they will not likely occur upon another trial.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State has filed a voluminous motion urging grounds for the affirmance of this case. Being reversed only on one assignment of error, it will be necessary only to consider that part of the motion which refers to this assignment.

The original opinion definitely states the rule of law to which

we adhere. We think it was clearly and sufficiently discussed in the original opinion and that it is not necessary to write further thereon.

The State urges its motion on the ground that bill of exception number seven in appellant's complaint is fatally defective and that the same cannot be considered. We have carefully re-read the record, including the bill with the court's qualification thereof, together with the authorities cited by the State, and are of the opinion that the bill sufficiently complies with the rules and apprises this court of the error so that we are enabled to appraise its value. The propositions of law involved are well settled, have been many times discussed, and we deem it sufficient to say that the State's contention cannot be sustained.

The motion for rehearing is overruled.