### VERNON GUNTER V. THE STATE.

No. 22007. Delivered March 25, 1942.
Rehearing Denied April 22, 1942.

The opinion states the case.

*Walter E. Gates,* of Monahans, and *F. H. Hammond,* of Burnet, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the theft of cattle. The punishment assessed is confinement in the State penitentiary for a term of two years.

This is the second appeal of this case. The opinion delivered by this court on the first appeal will be found reported in 150 S. W. (2d) 1037, (142 Texas Crim. Rep. 87) where the salient facts are set out. The testimony adduced on the trial of this case from which this appeal is prosecuted does not differ materially from that presented at the former trial. Hence we do not deem it necessary to here set out a summary of the testimony.

The only question presented by this appeal relates to the court's action in overruling appellant's second application for a continuance based on the absence of Ulys Gamblin, who resided in San Saba County, and J. A. Clarkston, who is alleged to reside in Hockley County, Texas. It appears from the application, which is incorporated in Bill of Exceptions No. 1, that on the 19th day of October, 1940, appellant applied to the Clerk of the District Court for process to be issued to Hockley County for said witness; that the Sheriff of Hockley County served a subpoena upon said witness on the 30th day of October, 1940; that a subpoena was issued by the clerk of said court to

San Saba County for the witness, Ulys Gamblin, and it was served upon him on the 31st day of October, 1940; that the case went to trial at the October term, 1940, and resulted in a judgment of conviction. The witness Clarkston did not appear at that term of court in obedience to said subpoena but the witness Gamblin did. On October 4, 1941, appellant claims that he went to see Clarkston and advised him that the case was again set for trial on the 27th day of October, 1941, and requested him to appear and testify; that the witness promised to do so but failed to appear; that he would have proved by the witness, if he had appeared, that in the latter part of July, 1940, appellant purchased from him a Jersey heifer of the same description as the one appellant sold through the Nored-Hutchins Commission Company of Fort Worth to Tom Hart, an agent for Mr. Cook of Fairfax, Oklahoma. The witness Gamblin appeared and testified upon this, as well as the former trial. Consequently, in so far as Gamblin is concerned, appellant had the benefit of his testimony, and there can be no ground for complaint in the court's ruling. In so far as the court's ruling on the application relates to the absence of the witness Clarkston, we see no error. This was appellant's second application for a continuance based on the absence of Clarkston. The granting or denial of the motion rested within the sound discretion of the trial court, and this court would not be justified in disturbing his judgment unless it was made to appear that he abused his discretion to the prejudice of the appellant. No showing of this nature is made. Appellant did not attach to his motion for a new trial an affidavit of the witness Clarkston setting forth the testimony which he would have given if he had been in attendance upon the court, in the absence of which this court is not in a position to say that the trial court abused his discretion in the matter complained of. See cases cited in Vernon's Ann. Tex. C. C. P., Art. 756, note 16; and same article and note in Pocket Part.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, appellant insists that we erred in holding that the trial court did not abuse his discretion in

refusing to grant a new trial because of the absence of the testimony of the witness J. A. Clarkston, as shown in appellant's second application for a continuance. We have again examined the record and remain of the opinion that the case was correctly disposed of originally. The fact that the witness Clarkston, who was under process, had never appeared in obedience to that process, and that the case had once before been continued on account of his absence, was a sufficient circumstance to authorize the trial court to conclude that the witness would not have testified as alleged, or that, if he had so testified, it likely would not have produced a different result. Escobar v. State, 121 Tex. Cr. R. 303, 51 S. W. (2d) 346; La Fitte v. State, 122 Tex. Cr. 239, 54 S. W. (2d) 133.

From what we have said, it follows that appellant's motion for rehearing should be overruled. It is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.